IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLIFFORD P. MASSEY, JR. and<br>RIKI MASSEY,<br><br>    Plaintiffs,<br><br>vs.<br><br>KELLY'S AUTO REPAIR & TOWING,<br>LLC<br>    **Serve:**<br>    **Registered Agent**<br>    **Kelly Devall**<br>    **105 W. Gallatin Street**<br>    **Vandalia, Illinois 62471**<br><br>DEREK J. McWHORTER,<br>    **Serve:**<br>    **111 N. Willow St.**<br>    **Vandalia, IL 62471**<br><br>    Defendants. | CASE NO.:   16-545 |

## COMPLAINT

COMES NOW Plaintiffs, Clifford P. Massey, Jr. and Riki Massey, by and through their undersigned attorneys and for their Complaint, state as follows:

## PARTIES

1. Plaintiff, Clifford P. Massey, Jr. ("Massey" or "Plaintiff"), is and was at all times relevant herein a resident of the State of Oklahoma, residing at 9251 E. 15 Road, Quapaw, Oklahoma 74363.

2. Plaintiff Riki Massey is and was at all times relevant herein a resident of the State of Oklahoma, residing at 9251 E. 15 Road, Quapaw, Oklahoma 74363.  At all relevant times herein, Clifford and Riki have been husband and wife.

3. Defendant, Kelly's Auto Repair & Towing, LLC ("Kelly's") is an Illinois limited liability company with its principal place of business in Vandalia, Illinois.

4. Kelly's members are residents of the State of Illinois.

5. Defendant, Derek J. McWhorter ("McWhorter"), is and was at all times relevant herein a resident of the State of Illinois, residing at 111 N. Willow Street, Vandalia, Illinois 62471. At all times relevant hereto, Defendant McWhorter was employed by, and/or acting as the agent of, Defendant Kelly's.

6. On or about August 6, 2015, Massey and Defendant McWhorter were driving westbound on Interstate 70 in Effingham County, Illinois.

7. At said time and place, Massey applied his brakes due to an unidentified passenger car cutting in front of him.

8. Defendant McWhorter was driving behind Massey and did not stop in time hitting the rear of Massey's vehicle.

9. Said impact caused injury to Massey's neck, left shoulder, back, left leg and body as a whole. Massey's injuries are permanent and progressive.

## JURISDICTION & VENUE

10. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332 because the parties are citizens of different states or of foreign states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. This Court has personal jurisdiction over Defendants as they are residents of the State of Illinois.

12. Venue is proper in this District under 28 U.S.C §1391(a) and (b) because Defendants are residents of this District and have breached duties to Plaintiff in this District and committed tortious acts in this District.

## COUNT I
### (DEFENDANT MCWHORTER NEGLIGENCE)

13. Plaintiffs incorporate herein the allegations in paragraphs 1 through 12 above.

14. Defendant McWhorter was careless and negligent in the operation of his vehicle in the following respects:

   a. In operating his vehicle at an excessive rate of speed under the circumstances;

   b. In operating his vehicle too closely behind Massey's vehicle; and

   c. In failing to keep a careful lookout for vehicles to his front, particularly the vehicle operated by Massey.

15. As a direct result of the aforesaid negligence of Defendant McWhorter, Massey incurred substantial expenses for medical care and will incur substantial expenses in the future; Massey has lost wages and will continue to lose wages in the future and his earning capacity has been diminished.

16. Defendant Kelly's is liable for the negligence of Defendant McWhorter on the basis of respondent superior and/or similar legal theories.

WHEREFORE, Plaintiff, Clifford P. Massey, Jr., prays for a judgment against Defendants Kelly's Auto Repair & Towing, LLC and Derek J. McWhorter, in an amount that is fair and reasonable, and for such other and further orders, judgments and decrees as this Court may deem just and appropriate under the circumstances.

## COUNT II
## (DEFENDANT KELLY'S NEGLIGENCE)

17. Plaintiffs incorporate herein the allegations in paragraphs 1 through 16 above.

18. Defendant Kelly's was negligent in several respects, including the following:

   a. failing to exercise ordinary care in screening Defendant McWhorter before hiring, including adequately investigating his background, driving history, and/or qualifications to work as a truck driver;

   b. failing to adequately train Defendant McWhorter; and/or

   c. failing to adequately supervise Defendant McWhorter.

19. Defendant Kelly's violated numerous Federal Motor Carrier Safety Regulations, including:

   a. the duty to require drivers to observe federal regulations, 49 C.F.R. § 390.11;

   b. the duty to not require or permit drivers with impaired ability to operate commercial motor vehicles, 49 C.F.R. § 392.3;

   c. the duty not to require or permit a driver to drive a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle in accordance with 49 C.F.R. § 391.11;

   d. the duty not to "aid, abet, encourage, or require" its employees to violate federal regulations, 49 C.F.R. § 390.13;

   e. the duty to make investigations and inquiries regarding its drivers in accordance with 49 C.F.R. § 391.23;

   f. the duty to obtain a complete employment application before allowing a person to operate its commercial motor vehicle, 49 C.F.R. § 391.21;

   g. the duty to investigate its drivers' safety performance history with previous employers during the preceding three years, 49 C.F.R. § 391.23(a)(2), (c); and

20. As a direct result of the aforesaid negligence of Defendant McWhorter, Massey incurred substantial expenses for medical care and will incur substantial expenses in the future; Massey has lost wages and will continue to lose wages in the future and his earning capacity has been diminished.

21. Defendant Kelly's knew or should have known, based on the surrounding circumstances that its conduct created a high degree of probability of injury, and Kelly's showed complete indifference to, or conscious or reckless disregard for, the safety of others.

### COUNT III
### (LOSS OF CONSORTIUM)

22. Plaintiffs incorporate herein the allegations in paragraphs 1 through 21 above.

23. As a direct result of Defendants' negligence Plaintiff Riki Massey has been deprived of the services, companionship, comfort, instruction, guidance, counsel, training and support of her husband.

### **JURY TRIAL DEMANDED**

24. Plaintiffs hereby demand a jury trial on all claims and counts herein.

Respectfully submitted,

**BUCHANAN & WILLIAMS**

   / s / Andrew S. Buchanan_____
Andrew S. Buchanan, MO Bar #53824
James V. O'Brien, MO Bar #31161
7908 Bonhomme Ave., Ste. 200
Clayton, Missouri 63105
Telephone:  314-862-6865
Facsimile:   314-726-6488
E-Mail:    asbuchanan@bwsattorneys.com
               jobrien@bwsattorneys.com

*Attorneys for Plaintiffs*